UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Drew H. Brinson, #88734-071, <br> *aka Drew Howard Brinson*, <br><br> Petitioner, <br><br> vs. <br><br> U.S. Marshal Service; U.S. Bureau of Prisons, <br><br> Respondents. | C/A No. 6:10-556-DCN-WMC <br><br> **REPORT AND RECOMMENDATION TO TRANSFER CASE** |

The petitioner, Drew H. Brinson ("Petitioner"), proceeding *pro se*, brings this action for habeas relief challenging the execution of his federal sentence.[1] Petitioner is a prisoner confined at the United States Penitentiary Big Sandy, a facility of the Federal Bureau of Prisons ("BOP") in Inez, Kentucky. When Petitioner filed this action, he was confined in the Deyton Detention Facility in Lovejoy, Georgia. During the time this action has been pending, Petitioner has not been confined in South Carolina. Petitioner, however, was convicted and sentenced in this Court in 1993. *USA v. Brinson*, 5:92-cr-387-CES (D.S.C.).

## *PRO SE* HABEAS REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* habeas petition filed in this case. The review was conducted pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines*

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

*v. Kerner*, 404 U.S. 519 (1972). This court is charged with screening the petitioner's habeas petition and attachments to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts. *See also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

This court is required to construe *pro se* petitions liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(A document filed *pro se* is to be liberally construed.). Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true, *Hughes*, 449 U.S. at 9, but the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

## **DISCUSSION**

The petitioner is a federal prisoner seeking habeas relief based on a claim that he is being held beyond the expiration of his sentence. At the time Petitioner filed this habeas action on March 8, 2010, he was housed in a detention center in Georgia. On April 6,

2010, Petitioner filed a notice of change of address to the United States Penitentiary in Kentucky.  At no time while this habeas action has been pending, has Petitioner been imprisoned in South Carolina.

Petitioner was convicted in this Court of bank robbery and a firearms violation for use of a sawed off shotgun in a bank robbery.  *USA v. Brinson*, 5:92-cr-387-CES (D.S.C.). On September 23, 1993, Petitioner was sentenced to eighty-seven (87) months in BOP custody on the bank robbery conviction, with the sentence to run concurrent to the state sentence imposed on March 13, 1993, under state docket number 92-GS-32-456.  At the same time, Petitioner was sentenced on the federal firearms conviction to one hundred and twenty (120) months in BOP custody, with the sentence to run consecutive to the bank robbery conviction and consecutive to the state sentence imposed March 13, 1993 under state docket number 92-GS-32-456.  Petitioner claims the BOP has incorrectly calculated the length of his imprisonment based on these sentences.

Petitioner titles his petition as "Petition for Writ of Habeas Corpus § 2255."[2]  The grounds raised in the petition, however, challenge the BOP's calculation of his sentences. Petitioner is seeking release from custody based on the claim that his sentence has expired.  Such issues concerning the execution of a federal sentence by the BOP, are appropriately considered under 28 U.S.C. § 2241.

---

[2] If the petition were considered a motion under 28 U.S.C. § 2255, the petition is successive.  Petitioner has already filed a motion pursuant to 28 U.S.C. § 2255 in his criminal case. The petition does not indicate that Petitioner has received a Certificate of Appealability ("COA") from the Fourth Circuit Court of Appeals to file a second or successive § 2255 motion.  Without a COA, this Court has no jurisdiction to consider a second or successive § 2255 motion from Petitioner.  *See* 28 U.S.C. § 2255(h); 28 U.S.C. § 2244.

Under the framework of Title 28, Chapter 153 of the United States Code, which provides a statutory framework for federal postconviction relief from judgments of conviction, those convicted in federal court are required to bring collateral attacks challenging the validity of their judgment and sentence by proceeding under 28 U.S.C. § 2255. The petition in this case does not attack the validity of Petitioner's sentences, but the execution of the sentences by the BOP. So, 28 U.S.C. § 2255 is not applicable to his habeas petition. The issues raised by Petitioner are appropriate for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 because he "is in custody under or by color of the authority of the United States," and he claims to be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c).

If the petition is liberally construed as a § 2241 petition, which is appropriate for challenging the BOP's execution of his sentence, Petitioner may state a claim. This Court, however, is not the appropriate court to consider Petitioner's request for writ of habeas corpus under § 2241. The habeas statute begins, "Writs of habeas corpus may be granted by . . . the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The application for a writ of habeas corpus must "name the person who has custody over" the person detained. 28 U.S.C. § 2242; *see also* 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained."). The Supreme Court explains that "these provisions contemplate a proceeding against some person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." *Wales v. Whitney*, 114 U.S. 564, 574 (1885). In habeas challenges to current physical confinement, the petitioner's

4

immediate custodian, as well as the "proper respondent [,] is the warden of the facility where the prisoner is being held." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). Petitioner's custodian and the proper respondent in this case is the warden of the facility where Petitioner is being held, U.S. Penitentiary Big Sandy in Inez, Kentucky. "[A] district court properly exercises jurisdiction over a habeas petition whenever it has jurisdiction over the petitioner's custodian." *U.S. v Poole*, 531 F.3d 263, 271 (4th Cir. 2008); *citing Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 495 (1973). Petitioner's § 2241 petition must be filed in the district court in which the place of confinement, and thus the custodian, is located. Therefore, in the interest of justice, this § 2241 action should be transferred to the United States District Court for the Eastern District of Kentucky as the court having jurisdiction over Petitioner's custodian, the warden of U. S. Penitentiary Big Sandy in Inez, Kentucky.

## **RECOMMENDATION**

Accordingly, it is recommended that this case be transferred to the United States District Court for the Eastern District of Kentucky.


s/William M. Catoe
United States Magistrate Judge

April 13, 2010
Greenville, South Carolina


***Petitioner's attention is directed to the important notice on the next page***.

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).